UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> THE KEG AND JUG, INC. d/b/a THE FRONT PORCH, JULIAN T. MARSH, JR., <br><br> Defendants. | CASE NO.: 2:23-cv-00416 |

**COMPLAINT**

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff"), by and through its attorneys, for its Complaint against Defendants THE KEG AND JUG, INC. d/b/a THE FRONT PORCH, and JULIAN T. MARSH, JR., ("Defendants") hereby alleges as follows:

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyright) as this civil action is brought under the Copyright Act of the United States, 17 U.S.C. § 101, et seq., and the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 1400(a) because a substantial part of the events giving rise to the claims occurred in this District and/or Defendants reside in this District.

THE PARTIES

3. Plaintiff Joe Hand Promotions, Inc. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business at 213 W. Street Road, Feasterville, PA 19053. By written agreement with the owner of the registered copyright [PA0002292376] for the *Ultimate Fighting Championship® 251: Kamaru Usman vs. Jorge Masvidal* pay-per-view program on July 11, 2020, including all undercard bouts and commentary (the "Program"). Plaintiff was granted the rights authorize the publicly display the broadcast, 17 U.S.C. § 106(4) & (5), and held the exclusive rights to permit commercial businesses such as the business made the basis of this suit to access the broadcast. Commercial businesses such as the business made the basis of this suit were not authorized to receive and exhibit the Program in their commercial business without authorization from Plaintiff.

4. Upon information and belief, Defendant THE KEG AND JUG, INC.:

    a. is an Alabama corporation;

    b. is a business that conducts business in the State of Alabama;

    c. conducted business as THE FRONT PORCH on the date of the Program;

    d. operates, maintains, and controls the establishment known as THE FRONT PORCH located at 112 W. Madison Street, Troy, AL 36081 (the "Establishment"); and

    e. operated, maintained, and controlled the Establishment on the date of the Program.

5. Upon information and belief, Defendant JULIAN T. MARSH, JR. is an individual residing in the State of Alabama. On the date of the Program, Defendant JULIAN T. MARSH, JR.:

    a. was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

      b.      had a right and ability to supervise the activities of the Establishment; and

      c.      had an obvious and direct financial interest in the activities of the Establishment.

## FACTS

6. Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial, non-residential establishments including bars, restaurants, clubhouses, shops, and similar locations. Since 2001, Plaintiff has been the exclusive domestic distributor for the world's premier mixed martial arts promotion company, the Ultimate Fighting Championship®. By written agreement, Plaintiff was granted the exclusive commercial distribution rights to distribute and authorize the public exhibition of the audiovisual presentation of the Program to businesses such as the Establishment. The Program broadcast originated via satellite uplink and was subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal.

7. By written agreement with the owner of the copyright of the Program, Plaintiff was granted the exclusive commercial domestic license to authorize the public display, 17 U.S.C. § 106(4) & (5), of the Program at commercial establishments such as the Establishment.

8. Plaintiff did not license or authorize the Defendants to exhibit the Program in their commercial establishment.

9. Upon information and belief, Defendants, themselves and/or through their agents, servants, and/or employees, took affirmative steps to circumvent the commercial licensing requirement and unlawfully obtained the Program through an unauthorized cable signal, satellite signal, and/or internet stream.

10. Methods used by commercial locations to unlawfully obtain the broadcast of the Program include, but are not limited to, the illegal misuse of cable and satellite service by: (1)

intercepting and redirecting cable or satellite service from a nearby residence, (2) registering their business location as a residence, (3) physically moving a cable or satellite receiver from a residence to their business, and/or (4) obtaining the Program in violation of the terms of their television service provider agreement.

11. By way of further example, commercial locations also exploited restricted online access to the Program in order to avoid paying the proper commercial license fee to Plaintiff. Individual consumers could stream the Program through a limited number of legitimate online distributors but only for *non-commercial use*. The website of each legitimate online distributor carried clear language limiting use of an online stream to residential, personal, and/or non-commercial use only. Undeterred, commercial locations would purchase the Program for viewing on a personal device or in a residence, then proceed to link this device to the establishment's television screen(s) to unlawfully exhibit the Program commercially.

12. Upon information and belief, Defendants willfully engaged in one or more of the above illegal acts to intercept and/or receive the Program for free or at a nominal cost or assisted in such actions, while Plaintiff's legitimate customers paid substantially more for the proper commercial license. Defendants knew, or should have known, the interception and/or receipt and exhibition of the Program at their Establishment was not authorized.

13. Upon information and belief, Defendants intentionally pirated or assisted in the intentional piracy of the Program for the sole purpose of their own economic gain. Defendants exhibited the Program for the commercial purpose of attracting paying customers, patrons, members, and guests, thereby wrongfully benefiting financially by infringing Plaintiff's rights.

14. Defendants did not have license, authorization, permission, or consent from Plaintiff to exhibit the Program in the Establishment.

15. In addition, by virtue of their position(s) as it relates to the Establishment, Defendant JULIAN T. MARSH, JR. had the right and ability to supervise and an obvious and direct financial interest in the activities of the Establishment at all relevant times.

16. As exclusive licensee of the Program, as described above, Plaintiff has standing and capacity to bring this action in its own name against Defendants for violation of the Communications and Copyright Acts.

## COUNT I

### SATELLITE [47 U.S.C. § 605] AND CABLE [47 U.S.C. § 553] PIRACY

17. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in paragraphs 1 through 16 of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

18. Defendants' exhibition of the Program were accomplished through the interception and/or receipt of a satellite signal or, in the alternative, through a cable signal.

19. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 605. By reason of Defendants' violation of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

20. Plead in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

21. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate (in the alternative to the extent necessary) 47 U.S.C. §§ 605 or 553.

22. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs, and attorney's fees pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

## COUNT II

## COPYRIGHT INFRINGEMENT

23. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in paragraphs 1 through 16 of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

24. Defendants' unauthorized public display of the Program through any means, including without limitation, cable, satellite, or internet stream, was in violation of 17 U.S.C. §§ 106 and 501.

25. Defendants' acts of infringement were not only willful, intentional, and purposeful, but also in complete disregard of and indifference to Plaintiff's rights. Defendants engaged in copyright infringement directly or with knowledge of the infringement intentionally inducing, encouraging, or materially contributing to the infringement.

26. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs and attorneys' fees, pursuant to 17 U.S.C. § 505.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

    a. for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for each willful violation of 47 U.S.C. § 605 committed for the

purpose of commercial advantage or, alternatively, for statutory damages, in the discretion of this Court, of up to the maximum amount of $60,000.00 for each willful violation of 47 U.S.C. § 553 committed for the purpose of commercial advantage,

      b.      for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to 47 U.S.C. § 553(c)(2)(C),

      c.      for statutory damages, in the discretion of this Court, of up to the maximum amount of $150,000.00 pursuant to 17 U.S.C. § 504(c) for each willful violation of 17 U.S.C. § 501,

      d.      for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 17 U.S.C. § 505, and

      e.      for such other and further relief to which Plaintiff may be entitled.

Dated: July 10, 2023

/s/ F. Page Gamble
F. Page Gamble (ASB-3857-E31F)
F. PAGE GAMBLE, P.C.
300 Vestavia Parkway, Suite 2300
Birmingham, AL 35216
T: (205) 795-2078
F: (888) 719-2817
page@gamblelaw.net

ATTORNEY FOR PLAINTIFF
JOE HAND PROMOTIONS, INC.

Defendants to be served at:

The Keg and Jug, Inc.
112 E. Madison Street
Troy, AL  36081-2524

Julian T. Marsh, Jr.
11145 AL Highway 87
Troy, AL 36079-3923